IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE FUKUDA, | No. C-08-5480 MMC |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; DISMISSING PLAINTIFF'S FEDERAL CLAIMS; REMANDING PLAINTIFF'S STATE LAW CLAIM; VACATING FEBRUARY 13, 2009 HEARING** |
| v. | |
| CITIBANK, dba AT&T UNIVERSAL CARD | |
| Defendant | |

Before the Court is defendant's Motion to Dismiss, filed December 11, 2008. Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers submitted, VACATES the hearing scheduled for February 13, 2009, and rules as follows.

1. Defendant argues it is entitled to dismissal of plaintiff's claims to the extent such claims are brought under the federal Fair Debt Collection Practices Act ("FDCPA"), for the reason that plaintiff has failed to plead said defendant is, for purposes of the FDCPA, a debt collector. See 15 U.S.C. § 1692k(a) (providing for cause of action against "debt collector who fails to comply with any provision of the [FDCPA]"). In her opposition, plaintiff states she "has only argued that [defendant] is a debt collector under California (not federal) law." (See Pl.'s Opp., filed January 22, 2009, at 2:26.) Accordingly, defendant's

motion will be granted to the extent defendant seeks dismissal of any claims under the FDCPA.[1]

2. The instant action was removed on the basis of a federal question, specifically, plaintiff's having sought, in her prayer for relief, remedies under the FDCPA. (See Notice of Removal, filed December 5, 2008, ¶ 2.) In its Notice of Removal, defendant additionally states the Court has supplemental jurisdiction over plaintiff's state law claim, specifically, her claim under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (See id.) The Court does not disagree. Nevertheless, where "the district court has dismissed all claims over which it has original jurisdiction," such court may decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). Here, the Court finds its appropriate to decline to exercise supplemental jurisdiction over plaintiff's state law claim in light of the dismissal of her federal claims, and particularly given that the instant case remains at the pleading stage.[2]

**CONCLUSION**

For the reasons stated above:

1. Defendant's motion to dismiss is hereby GRANTED in part, and plaintiff's federal claims are hereby DISMISSED without leave to amend.

2. Plaintiff's state law claim is hereby REMANDED to the Superior Court in and for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: February 9, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] Although the complaint does not include an explicit cause of action under the FDCPA, the prayer for relief requests an award of statutory damages, as well as an award of attorney's fees and expenses, under the FDCPA. (See Compl. at 4:19-20, 22-23.)

[2] To the extent defendant seeks dismissal of plaintiff's state law claim, the motion is DENIED without prejudice in light of the remand of the state law claim.